1  **WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EZScreenPrint LLC, | No. CV-17-03605-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| SmallDog Prints LLC, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss of Defendant SmallDog Prints LLC (Doc. 18) and the Motion to Amend of Plaintiff EZScreenPrint LLC (Doc. 20). For the following reasons, the Court grants the Motion to Dismiss and denies the Motion to Amend.

## BACKGROUND

Plaintiff EZScreenPrint is an Arizona limited liability company which sells supplies for screen printing on shirts and other materials. (Doc. 1, ¶ 2). Plaintiff operates a website, ezscreenprint.com. *Id*. Plaintiff has trademarked the names "ezscreen" and "ezscreenprint". *Id*. at ¶ 10. Defendant SmallDog Prints also sells screen printing supplies, and is a Missouri limited liability company. *Id.* at ¶ 3. Defendant Trish Bordeaux is the owner of SmallDog Prints and resides in Missouri. *Id*. at ¶ 4. Defendants primarily conduct their business through a website, smalldogprints.com. *Id*. Plaintiff alleges that Defendants have used the phrase "EZ Screen Printing" in multiple areas of their webpage and advertising. *Id*. at ¶¶ 14–20. Plaintiff asserts that this is a violation of

its trademarks. Defendants have moved to dismiss for lack of personal jurisdiction.

## DISCUSSION

### I. Legal Standard

The party "seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Once a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). The plaintiff must show that the exercise of jurisdiction comports with the state long-arm statute and the principles of due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Arizona's long-arm statute confers jurisdiction to the maximum extent allowed by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a); *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). Due process requires a nonresident defendant to have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation omitted). There are two types of personal jurisdiction: general and specific. A court may assert general personal jurisdiction over a defendant when the defendant's "affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). By contrast, specific personal jurisdiction exists where "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) (internal citations omitted).

### II. Analysis

### A. Original Complaint

Plaintiff's original complaint relies on specific jurisdiction. Specific jurisdiction is analyzed under a three-pronged test: "(1) [t]he non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof; *or* perform some act by which he *purposefully avails himself* of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Mavrix Photo, Inc. v. Brand Tech, Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011) (emphasis in original). The concept of "purposeful direction" is applied in non-contract suits, which is the case with this trademark infringement claim. *Id*. at 1228. The Ninth Circuit uses a three-element test to consider purposeful direction and this "effects" test. The defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Foods Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). An act is "expressly aimed" at the forum state "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). Plaintiff bears the burden of satisfying the first two prongs, and if Plaintiff does so, Defendants must "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Mavrix*, 647 F.3d at 1228 (quoting *Burger King*, 471 U.S. at 476–78).

Although Plaintiff sufficiently alleges that Defendants committed an intentional act, by allegedly intentionally infringing on Plaintiff's trademarks, Plaintiff has not sufficiently demonstrated that Defendants expressly aimed these actions at Arizona or that Defendants knew this harm was likely to be suffered in Arizona. When a defendant operates an "essentially passive website" and has "done nothing to encourage residents of the forum state to access its site," those acts are insufficient to confer jurisdiction over an

out-of-state defendant. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418–20 (9th Cir. 1997). Rather, "'something more' [is] required to indicate that the defendant purposefully directed its activity in a substantial way to the forum state." *Rio Properties*, 284 F.3d at 1020 (citing *Cybersell*, 130 F.3d at 418). The Ninth Circuit has found that "something more" existed where a defendant sent a letter demanding money in exchange for return of a hacked domain name, evincing knowledge of the plaintiff's place of business and targeting the forum. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1319–20 (9th Cir. 1998). Similarly, "something more" existed when a defendant was alleged to have run radio and print advertisements for its website in the forum state, again evincing knowledge of the plaintiff's place of business and targeting the forum state. *Rio Properties*, 284 F.3d at 1020–21.

Even where, as here, Defendants are alleged to operate an interactive website, Plaintiff must still establish that Defendants took actions "expressly aimed" at Arizona. When a website is interactive, courts "have looked to the 'level of interactivity and commercial nature of the exchange of information that occurs on the Web site' to determine if sufficient contacts exist to warrant the exercise of jurisdiction." *Cybersell*, 130 F.3d at 418 (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997). But, Plaintiff has provided no specific allegations about the interactivity of Defendants' website with residents of the state of Arizona. Plaintiff has no made no allegations that that Defendants do business with Arizona residents, other than to say that Defendants are "doing business in the State of Arizona . . . conducted by means of a website." (Doc. 1, ¶ 2). This general allegation, without any specific evidence that Defendants have done business with Arizona residents, is insufficient. Plaintiff has also not alleged that Defendants targeted customers in Arizona by buying advertisements in Arizona or contacting potential customers in Arizona. *See Adidas America, Inc. v. Cougar Sport, Inc.*, 169 F.Supp.3d 1079, 1089 (D. Or. 2016) (finding that the defendant's interactive website, "by itself, is insufficient to satisfy the express aiming requirement of

the effects test" where plaintiff had not presented any evidence that defendant had contact with forum state residents through its website). Moreover, Plaintiff has not alleged that Defendants knew Plaintiff was a resident of Arizona. Defendants could not know that the harm they allegedly caused was likely to be suffered in Arizona if they did not know Plaintiff was a resident of Arizona. Because the Court finds that Plaintiff has not shown that Defendants' expressly aimed conduct at the state of Arizona, the Court need not address the remaining factors. Plaintiff's Complaint, as originally written, does not establish personal jurisdiction over the Defendants.

### B. Proposed Amended Complaint

#### 1. Motion to Amend

Courts are to "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). Motions to amend may be denied where there has been "undue delay, bad faith or dilatory motive on the party of the movant, . . . [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182(1962). Plaintiff moves to amend the Complaint to add more factual allegations which Plaintiff asserts support the Court having personal jurisdiction over Defendants. Specifically, the proposed amended complaint states that Defendants' website is hosted and registered in Arizona and by Arizona companies, Defendants purposefully communicated with customers of Plaintiff, and Defendants have constructive knowledge that Plaintiff is an Arizona company. (Doc. 20, Ex. A, ¶¶ 8, 13, 26). As discussed below, the fact that Defendants' website is registered by an Arizona company and is hosted by an Arizona company is not sufficient to create personal jurisdiction. Plaintiffs have not shown that they have any additional facts that could support personal jurisdiction. Because amendment would be futile, the Court denies the Motion to Amend.

#### 2. General Personal Jurisdiction

In its proposed amended complaint (Doc. 20), Plaintiff alleges the domain name smalldogprints.com is registered with GoDaddy, an Arizona company. *Id*. at ¶ 13. Plaintiff also alleges that Defendants used a proxy company, Domains by Proxy, also an

Arizona company and wholly owned by GoDaddy, to register the domain name. *Id*. Because these allegations do not relate to the specific injuries at issue in this suit, the proposed amendments serve as an attempt to argue that Defendants are subject to general jurisdiction in the state of Arizona. A defendant "whose contacts with a state are 'substantial' or 'continuous and systematic' can be haled into court in that state in any action, even if the action is unrelated to those contact." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). The defendants' contacts with the forum state must "be of the sort that approximate physical presence." *Bancroft & Masters*, 223 F.3d at 1086. The Court finds that Defendants' use of a domain proxy registrant based in Arizona and a domain name registered with an Arizona company are insufficient contacts with the state of Arizona and do not give the Court personal jurisdiction over Defendants. The registration of a domain name "create[s] no ongoing relationship of substance" between the domain registrar (GoDaddy) and the purchaser (SmallDogPrints). *America Online, Inc. v. Huang*, 106 F.Supp.2d 848, 857 (E.D. Va. 2000). The domain registrar merely maintains a database entry on SmallDogPrint's behalf, and it generally does not store content, provide technical support, or provide a portal to the webpage. *Id*. A domain name registration is "a relatively minor portion of the Internet's architecture, [ ] a minuscule presence in this [forum state,] [and] it is merely a reference point in a computer database." *Id*. at 858 (citations and quotations omitted). In the context of general personal jurisdiction, the Court "examines a corporation's activities worldwide—not just the extent of its contacts in the forum state—to determine where it can rightly be considered at home." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015). Therefore, it is not enough that Defendants have registered their domain name through an Arizona company. *See Blocker v. Bandmine.com*, No. 16cv1709-AC, 2017 WL 4287215, at *7 (D. Or. 2017). Defendant SmallDog Prints is incorporated in the state of Missouri and Defendant Bourdeaux lives in the state of Missouri and operates SmallDog Prints from the state of Missouri. In

contrast with Defendants' extensive contacts in Missouri, their limited activities with Arizona do not render it "essentially at home" there.

Moreover, the Court is cognizant of the fact that Defendants' domain name is registered with GoDaddy, an Arizona corporation. GoDaddy is apparently the largest domain registrar in the world and maintains over 50 million domain names worldwide, as of 2013. *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 737 F.3d 546, 548 (9th Cir. 2013). The argument Plaintiff advances could allow millions of companies with domain names registered through GoDaddy to be subject to general personal jurisdiction in the state of Arizona. Plaintiff asserts that this would not be the case, because Defendants have additional contacts with the State of Arizona due to their alleged targeted trademark infringement against an Arizona corporation. But this argument collapses the distinction between general and specific jurisdiction. Defendants' domain name registration is not related to the specific injuries of trademark infringement alleged by Plaintiff. Therefore, Plaintiff cannot argue that Defendants' domain name registration is related to specific personal jurisdiction; it must be related to general personal jurisdiction. Defendants' alleged additional contacts stemming from the specific dispute in this case are not relevant to the question of general personal jurisdiction. Because the act of creating a domain name is fast, the vast extent of Defendants' activities worldwide are not in Arizona, and Plaintiff's argument could be disruptive and create absurd results, the Court finds that Defendants are not subject to general personal jurisdiction in Arizona.

### 3. Specific Personal Jurisdiction

Plaintiff's proposed amended complaint also attempts to bolster the claims regarding specific jurisdiction. To meet the requirement of the effects test that the Defendants must be causing harm knowing it is likely to be suffered in Arizona, Plaintiff adds the allegation that Defendants "had constructive knowledge that EZScreenPrint LC is an[] Arizona LLC based on the publicly available LLC registration with the Arizona Corporation Commission." (Doc. 20, ¶ 26). But Plaintiff's briefing contains no support for the proposition that constructive knowledge is sufficient. *See Rhapsody Int'l Inc. v.*

*Lester*, No. 13-cv-05486-CRB, 2014 WL 709899, at* 7 (N.D. Cal. 2014) (finding that defendants had notice of plaintiff's presence in the forum state of California after plaintiff's counsel wrote to defendants and informed them of plaintiff's presence in California). This is particularly true, given that the idea of "constructive knowledge" seems to fly in the face of the requirement of *express* aiming. The *Pebble Beach* court did not discuss constructive knowledge when holding that for an act to be expressly aimed it must be targeted at a plaintiff whom the defendant *knows* to be a resident of the forum state.

## CONCLUSION

Plaintiff bears the burden of proving that Defendants purposefully directed activities at the forum state. Under the effects test, to have purposeful direction, Plaintiff must show that Defendants expressly aimed conduct at the forum state, knew that Plaintiff was a resident of the forum state, and caused foreseeable harm in the forum state. Plaintiff has not alleged that Defendants expressly aimed their conduct at the state of Arizona or that they knew Plaintiff was a resident of the state of Arizona. Plaintiff's proposed amendments to the Complaint would not cure any of the deficiencies discussed here. Therefore, the Court finds that amendment would be futile and denies the motion.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants SmallDog Prints and Trish Bourdeaux (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Amend of Plaintiff EZScreenPrints (Doc. 20) is **DENIED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 6th day of August, 2018.

Honorable G. Murray Snow
United States District Judge